UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRUSTEES OF SPRINKLER FITTERS LOCAL 704 DEFINED CONTRIBUTION FUND, Plaintiff, vs DYNAMIC FIRE PROTECTION and TODD FOUNTAIN, Defendants. | Case No. Hon. |

**COMPLAINT**

NOW COMES the above-named Plaintiff, **TRUSTEES OF SPRINKLER FITTERS LOCAL 704 DEFINED CONTRIBUTION FUND**, by and through its attorneys, **AsherKelly,** and for its Complaint against Defendants, DYNAMIC FIRE PROTECTION and TODD FOUNTAIN, Individually, states as follows:

**GENERAL ALLEGATIONS**

1.      Plaintiff is the Trustees of the SPRINKLER FITTERS LOCAL 704 DEFINED CONTRIBUTION FUND (hereinafter referred to as the "FUND"). The Fund is a Trust Fund established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 et seq., with administrative offices in the City of Southfield, Oakland County, Michigan.

2. Defendant DYNAMIC FIRE PROTECTION (hereinafter "DYNAMIC") is a Michigan corporation with its principal offices in Newport, Michigan.

3. Defendant TODD FOUNTAIN (hereinafter "FOUNTAIN") is an individual who is the owner and officer of DYNAMIC.  FOUNTAIN is responsible, with others, for running the day-to-day operations of the company and responsible for all its decisions pertaining to the payment of contributions to the Fund, including decisions whether to pay contributions.

4. FOUNTAIN is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3).  FOUNTAIN is an employer within the meaning of §3(5) of ERISA, 29 USC §1002(5) and is thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

5. The Plaintiff administers the FUND pursuant to the terms and provisions of its Agreement and Declaration of Trust.  The FUND has been established pursuant to a Collective Bargaining Agreement heretofore entered into between Sprinkler Fitters and Apprentices Local Union No. 704 (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and is required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

6. At all times relevant hereto, Defendant DYNAMIC was signatory to a Collective Bargaining Agreement with the Union.

7. The FUND is a third-party beneficiary of the Collective Bargaining Agreement.

8. Pursuant to the terms and provisions of the Collective Bargaining Agreement between DYNAMIC and the Union, DYNAMIC agreed to pay, in addition to wages, employee fringe benefit contributions to the FUND for each employee employed by DYNAMIC, and covered by the Agreement.

9. That, pursuant to the provisions of the plans for the FUND, contributions become vested plan assets on the date on which they are due.

10. That, pursuant to the Collective Bargaining Agreement, Defendant DYNAMIC is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 15th day of the month following the month in which the hours were worked.

11. That, pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection and attorney fees.

12. That, pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for the FUND, the Plaintiff Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and books of a signatory employer to permit such Plaintiff Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

13. That Plaintiff is entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

14. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer.

### COUNT I – BREACH OF COLLECTIVE BARGAINING AGREEMENT AND 29 USC §1145

15. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 14 above as though fully set forth herein.

16. That notwithstanding its contractual obligations, DYNAMIC has failed and refused to pay its obligations, therefore violating the Collective Bargaining Agreement and various provisions of ERISA, including, but not limited to, 29 USC Sec. 1145.

17. Plaintiff is without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreement and are restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiff requests that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that Defendant DYNAMIC open its books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiff against Defendants, DYNAMIC and FOUNTAIN, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUND during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the court's Orders; and

4

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT II – BREACH OF FIDUCIARY DUTIES

18. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 17 above as though fully set forth herein.

19. FOUNTAIN is a fiduciary with respect to the fringe benefit plan within the meaning of ERISA, 29 USC §1002(21)(A) in that he exercised discretionary authority or control respecting management or disposition of the assets of the plans.

20. Fountain exercised authority or control over vested Plan assets when he paid other expenses rather than contributions.

21. By engaging in the acts and omissions described, FOUNTAIN has breached his fiduciary duties regarding the FUND within the meaning of 29 USC §1104(a)(1)(A).

22. FOUNTAIN is personally liable based on breaching his fiduciary duties pursuant to 29 USC§1109(a).

**WHEREFORE**, Plaintiff requests that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that Defendant DYNAMIC open its books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiff against Defendants, DYNAMIC and FOUNTAIN, Individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUND during the pendency of this action;

D.      Enter an Order that jurisdiction of this matter be retained pending compliance with the court's Orders; and

E.      Any such other, further, or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

/s/ Matthew I. Henzi
AsherKelly
25800 Northwestern Highway, Suite 1100
Southfield, MI 48075
248.514.8628
mhenzi@asherkellylaw.com
P57334

Dated:   October 28, 2020
2417061

6