**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| TRUSTEES OF SPRINKLER FITTERS LOCAL 704 DEFINED CONTRIBUTION FUND,<br>      Plaintiff,<br><br>vs<br><br>DYNAMIC FIRE PROTECTION<br>and TODD FOUNTAIN,<br>       Defendants. | Case No. 2:20-cv-12911-GAD-EAS<br>Hon. Gershwin A. Drain |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**
**AGAINST DEFENDANTS DYNAMIC FIRE PROTECTION**
**and TODD FOUNTAIN**

NOW COMES the above-named Plaintiff, by and through its attorneys, ASHERKELLY, PLLC, and for its Motion for Entry of Default Judgment against Defendants, states as follows:

1.      That Entry of Default was entered on December 3, 2020 [Doc. 6] for the failure of Defendant DYNAMIC FIRE PROTECTION to respond to the Summons and Complaint.

2.      That Entry of Default was entered on December 3, 2020 [Doc. 7] for the failure of Defendant TODD FOUNTAIN to respond to the Summons and Complaint.

3.      That the Clerk's Entry of Default was mailed to the Defendants on December 10, 2020 [Doc. 8].

4.      That this is an action for collection of delinquent fringe benefit contributions under 29 USC §1132 and §1145, and for liquidated damages pursuant to the contract.

5.      That pursuant to 29 USC §1132(g)(2), in an action for collection of fringe benefit contributions under 29 USC §1145, an award to a plan must include:

      (A)      unpaid contributions,

      (B)      interest on unpaid contributions,

      (C)      an amount equal to the greater of-

            i.      interest on the unpaid contributions, or
            ii.      liquidated damages provided for under the plan; and

      (D)      reasonable attorney fees and costs of the action to be paid by Defendants.
      (E)      such other legal or equitable relief as the court deems appropriate

6.      That at all times applicable to this cause of action, Defendant DYNAMIC FIRE PROTECTION was bound to a Collective Bargaining Agreement with the SPRINKLER FITTERS LOCAL 704 UNION (Exhibit A, Collective Bargaining

Agreement).    Defendant TODD FOUNTAIN is a fiduciary who controlled Plan assets and an employer who is liable to Plaintiff.

7.    That Defendant DYNAMIC FIRE PROTECTION failed to remit fringe forms or payments for work months December 2020 and January 2021.   The amounts can be determined by the audit.

8.    That pursuant to the Collective Bargaining Agreement (excerpted portions, Exhibit A) and the applicable Collection Policy of the Funds (Exhibit B), Plaintiff Fund is permitted to audit the books and records of Defendant DYNAMIC FIRE PROTECTION to determine if all due and owing fringe benefit contributions have been paid.

9.    Therefore, Plaintiff requests that a Judgment be entered against Defendants which orders the corporate Defendant to open its books and records so that Plaintiff can determine the amounts of contributions due and owing to Plaintiff Fund with such audit to occur within 14 days.

10.    Upon completion of the payroll audit, Plaintiff will move to Amend the Judgment to include all fringe benefits due, all liquidated damages due, as well as the statutory mandates of 29 USC §1132(g)(2).

WHEREFORE, pursuant to F.R.C.P. 55(b)(2), Plaintiffs request that an Order of Default Judgment be entered against Defendants ordering the following:

A.    Order that Defendant Dynamic Fire Protection open its books and records within 14 days to Plaintiff Fund to conduct an audit to determine all due and owing fringe benefits.

B.    That the Court will amend its Judgment to include an amount determined due pursuant to the audit as set forth above, as well as liquidated damages thereon, including accumulated interest, actual attorney fees, court costs, audit and other collection costs pursuant to 29 USC §1132(g)(2) and any other amounts that become due during the pendency of this matter.  Said other amounts will be ordered upon further submissions to the Court by Plaintiffs;

C.    Order that jurisdiction of this matter be retained pending compliance with the Court's order(s).

D.    Any such other, further, or different relief as this Court may determine just and equitable under the circumstances.

**AsherKelly, PLLC**

By:   /s/ Matthew I. Henzi
MATTHEW I. HENZI (P57334)
Attorney for Plaintiff
25800 Northwestern Highway, Ste. 1100
Southfield, MI 48075
(248) 746-2710
mhenzi@asherkellylaw.com

Dated: March 9, 2021

**BRIEF IN SUPPORT OF MOTION**

Plaintiff cites and relies on F.R.C.P. 55(b)(2), as well as the statements and allegations made in the attached Motion for Entry of Default Judgment against Defendants, in support of same.

**AsherKelly, PLLC**

By:   /s/ Matthew I. Henzi
        MATTHEW I. HENZI (P57334)
        Attorney for Plaintiff
        25800 Northwestern Highway, Ste. 1100
        Southfield, MI 48075
        (248) 746-2710
        mhenzi@asherkellylaw.com

Dated: March 9, 2021

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing paper was electronically filed with the

Clerk of the Court using the ECF system on March 9, 2021, and I hereby certify

that a copy was sent electronically to: Todd Fountain @ todd@dynamic-fire.com

**AsherKelly, PLLC**

By:   /s/ Matthew I. Henzi
      MATTHEW I. HENZI (P57334)
      Attorney for Plaintiff
      25800 Northwestern Highway, Ste. 1100
      Southfield, MI 48075
      (248) 746-2710
      mhenzi@asherkellylaw.com

W2473034